IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY W. GIBBS, JR.,                     :

    Plaintiff                          :

    v.                                 :   Civil Action No. S-98-834

STEPHEN MCKINNEY, et al.,               :

    Defendants                         :

oOo

### ORDER

Judgment was entered in favor of Defendants on July 7, 1999. That decision has been affirmed by the United States Court of Appeals for the Fourth Circuit. Currently pending is an unopposed Bill of Costs filed by Defendants. The Clerk has reviewed the Bill of Costs and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md.).

TRANSCRIPTS

Defendants are seeking $596.91 for the costs of depositions. The Court may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "we should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial." *Advance Business Systems & Supply Co.*, 287 F. Supp. 143, 165 (D. Md. 1968). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed:



(1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses. Because it appears that the persons for whom deposition costs are being sought actually testified at trial, costs will be allowed in the amounts set forth below.

| DEPONENT | AMOUNT SOUGHT | AMOUNT OF UN-ALLOWED COSTS[1] | NO. OF PAGES | RATE SOUGHT PER PAGE | RATE ALLOWED PER PAGE[2] | AMOUNT ALLOWED |
|---|---|---|---|---|---|---|
| Ray Gibbs | 242.8 | 3 | 109 | 2.2 | 2.2 | 239.8 |
| Stephen McKinney | 66.25 | 0 | 53 | 1.25 | 1.25 | 66.25 |
| Ronald Schmidt | 43.75 | 0 | 35 | 1.25 | 1.25 | 43.75 |
| Kathy Scott | 21.25 | 0 | 17 | 1.25 | 1.25 | 21.25 |
| Christopher Sutton | 70 | 0 | 56 | 1.25 | 1.25 | 70 |
| Dinesh Kotak | 152.86 | 73[3] | 33 | 2.42 | 2.42 | 79.86 |
| **TOTAL** | | | | | | 520.91 |

---

[1]Costs attributable to extra copies, copies of exhibits, shipping, interest, etc. are not allowed.

[2]Unless the Court has determined in advance that a higher rate shall apply or the parties have agreed to a higher rate, the maximum amounts the Clerk will tax is:

| | |
|---|---|
| Ordinary transcript - original: | $3.50 per page |
| Expedited transcript - original: | $4.50 per page |
| Daily transcript - original: | $5.50 per page |
| Copy of transcript: | $1.25 per page |

If the actual page rate is lower than the maximum allowable rate, costs will be taxed at the lower rate.

[3]This represents the $35.00 cost of the videotape as Defendants have proffered no reason why it was necessary to videotape the deposition as well as shipping charges totalling $38.00 for the videotape and transcript.

2

WITNESS EXPENSES

Attendance fees, mileage, tolls, parking, as well as a reasonable service fee and subsistence allowance can be taxed for witnesses who testify at trial. 28 U.S.C. §1920(3). Defendant is seeking a total of $316.24 for the witness fees and mileage paid to four witnesses and $150.00 for the cost of serving subpoenas on two of the witnesses. Two of the witnesses for whom fees and mileage are sought, Michael Pugh and Mary Carter, were in fact called as witnesses by Defendants. Defendants will be allowed $158.12 for the fees and mileage paid to these witnesses. One, Patricia Gibbs, did not testify at trial. Thus, the Clerk lacks discretion to award the fee, mileage and service costs attributable to her. The other, Phyllis McMillian, was called by Plaintiff, not Defendants. As it is not clear whether it was necessary for Defendants to pay the costs associated with one of Plaintiff's witnesses the fee, mileage and service costs attributable to Ms. McMillian will not be allowed.

CONCLUSION

In accordance with the foregoing, Defendants are awarded costs of $679.03.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk shall docket and mail copies of this Order to all counsel of record.

DATED this 8th day of May 2000.

Felicia C. Cannon
Clerk
United States District Court for the District of Maryland